**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>   v.<br><br>GERMAN CHAIREZ<br>     aka German Chairez-Escobedo<br>     aka Marcelino Zapata,<br><br>             Defendant. | 1:09-CR-00327-LJO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EARLY RELEASE CONSTRUED AS A MOTION PURSUANT TO 28 U.S.C. § 2255 (DOC. 13) |

INTRODUCTION

Defendant German Chairez ( "Petitioner") petitions the Court for an early release date based upon the Relief Act of 2003; H.R. 3575(a), 108th Cong. (2003) (the "Relief Act").  The Court construes this as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, this Court DENIES Petitioner's motion.

BACKGROUND

On or about March 25, 2011, Petitioner plead guilty to violations of 8 U.S.C. §1326(a), admitting that he was a deported alien found in the United States.  He was sentenced to 70 months in custody and 36 months of supervised release.  In addition, upon completion of his term of imprisonment, Petitioner was to surrender to the duly authorized immigration officials.

On or about April 23, 2014, Petitioner petitioned this court for early release under the Relief Act, which was introduced as a proposed amendment to 18 U.S.C. §3624.  Had it been enacted into law, the Relief Act would have granted an early release date to non-violent offenders who had served

at least one-half of the imposed prison sentence; had never been convicted of a violent crime; and had not engaged in any violation, involving violent conduct, of institutional disciplinary regulations. The Court will construe this petition as one brought under 28 U.S.C. § 2255 ("Section 2255"), to vacate, set aside or reduce Petitioner's sentence.[1]

Because this motion conclusively shows that Petitioner is not entitled to relief, this court finds this motion suitable for a decision without requiring an opposition and without a hearing. *See* 28 U.S.C. § 2255(b).

## DISCUSSION

Section 2255 grants a prisoner who is in custody the right to move the court which imposed his sentence to vacate, set aside or correct the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28. U.S.C. § 2255. Petitioner fails to state a claim for relief pursuant to Section 2255.  Petitioner does not assert that his sentence violates the Constitution or any laws of the United States. Petitioner is not entitled to early release based on the Relief Act, as the Release Act was not ratified and therefore not a law of the United States.  Although the Relief Act was introduced by Representative Sheila Jackson-Lee [D-TX 18], on November 21, 2003, the bill was never ratified by Congress or signed into law by the President.  To become law, a bill must be passed by both the House of Representatives and the Senate, as well as approved by the President in accordance with the United States Constitution, Art. I, Sec. 7.  Therefore, the Relief Act cannot form the basis of a Section 2255 petition.. *See U.S. v. Garcia,* CR-F-94-05006-001, 2011 WL 2551329 (E.D. Cal. June 24, 2011).

Petitioner further contends that the sentencing guidelines which were used in his presentence report are unconstitutional.  It is a well settled matter of law that the sentencing guidelines are not

---

[1] As the motion was filed pro se, the Court will uphold it's "duty to construe pro se pleadings liberally, especially when filed by [an incarcerated defendant]" such as Petitioner.  *Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008).

unconstitutional. *United States v. Booker*, 543 U.S. 220, 244(2005).  Although no longer mandatory, "a district court is still required to consult the Guidelines...but the Guidelines are no longer binding." *Peugh v. United States*, 133 S. Ct. 2072, 2079 (2013). Furthermore, it should be noted that Petitioner's sentence was below the advisory guideline range.

Finally, even if the above arguments had merit, Petitioner's motion would be barred by Section 2255's one year statute of limitations. 28 U.S.C. § 2255(f). His petition was filed on April 23, 2014, approximately three years after the judgment in his criminal case became final.[2] Petitioner did not appeal the judgment nor does he allege any other basis for the statute of limitations to be tolled.

## CERTIFICATE OF APPEALABILITY

Under  28. U.S.C. § 2255(c), a certificate of appealability, which provides the defendant the right to appeal this order to the court of appeals, may be issued only "if the applicant made a substantial showing of the denial of a constitutional right." When a defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issue [in a different manner]; or that the question are adequate to deserve encouragement to proceed further." *Garcia*, 2011 WL 2551329 at 2.  This Court has reviewed the entire record of this case and finds that there is no question as to the correctness in denying Mr. Chairez's motion.  See *Clark v. Lewis*, 1 F.3d 814, 819 (9th Cir. 1993).  As the bill under which Mr. Chairez is moving is not law, no jurist would debate whether Mr. Chairez is entitled to relief. Similarly, there is no longer a debate as to the

---

[2] Motions under 28 U.S.C. § 2255 must be filed within one year from the later of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255. Typically, the statute of limitations will begin to run on the date the judgment of conviction became final. *See* 28 U.S.C. § 2255(1); *see also United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Guided by the Supreme Court's definition of finality set forth in *Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987), the Ninth Circuit has held that, for purposes of a § 2255 motion, finality is determined under the definition set forth in 28 U.S.C. § 2244(d)(1) for habeas corpus cases brought by state prisoners. Thus, the one-year statute of limitations for a § 2255 motion begins to run "upon the expiration of the time during which [the movant] could have sought review by direct appeal." *Schwartz*, 274 F.3d at 1223. Under Federal Rule of Appellate Procedure 4(b)(1)(A), an appeal from a criminal judgment must be filed within fourteen (14) days after entry of judgment. Therefore, where no direct appeal is filed, the one-year limitations period begins to run ten days after entry of the judgment of conviction. *See id*.

constitutionality of consulting the sentencing guidelines in determining Mr. Chairez's sentence. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Mr. Chairez's motion for early release, construed as a motion pursuant to Section 2255, is DENIED.

IT IS SO ORDERED.

Dated:   **May 28, 2014**                                    **/s/ Lawrence J. O'Neill**
                                                             UNITED STATES DISTRICT JUDGE